ADAM C. SHERMAN (SBN 224979)
acsherman@vorys.com
**VORYS, SATER, SEYMOUR AND PEASE LLP**
2211 Michelson Drive, Suite 500
Irvine, CA 92612
Telephone: (513) 723-4680
Facsimile: (513) 723-4680

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ORTHO MOLECULAR PRODUCTS, INC., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIBRANT SPOT LLC, a limited liability company, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 2:25-cv-12334-AH-MAA<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**DISCOVERY MATTER** |

## I. <u>INTRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff Ortho Molecular Products, Inc. ("OMPI") seeks leave to serve a third-party subpoena on Amazon.com, Inc. ("Amazon") to obtain information that will allow OMPI to seek an award of damages and to define the injunction it intends to seek as part of a motion for default judgment against Defendant Vibrant Spot LLC ("Vibrant Spot").

On January 28, 2026, the Clerk entered default against Vibrant Spot pursuant to Federal Rules of Civil Procedure 55(a) after Vibrant Spot was served with process

and failed to plead or otherwise defend this action. (ECF No. 13.) Pursuant to the Standing Order for Civil Cases Assigned to Judge Anne Hwang ("Standing Order") (ECF No. 10), OMPI is to file a motion for default judgment pursuant to Rule 55(b)(2) on or before February 11, 2026, but OMPI needs limited third-party discovery from Amazon to enable it to define the scope of infringement and seek damages. OMPI seeks to serve a subpoena on Amazon, the company that operates the online, third-party seller platform www.amazon.com (referred to interchangeably as "Amazon"). OMPI does not have access to Amazon's records showing the volume of infringing sales through Defendant's storefront.

The Lanham Act provides that OMPI can recover Vibrant Spot's profits by submitting evidence of the revenue Vibrant Spot has earned from its sales of infringing products, but the only parties that possess that information are Vibrant Spot itself—who has chosen not to participate in this action—and Amazon, which possesses records of sales of products through all third-party storefronts on Amazon. While Rule 26(d)(1) provides that parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," the rule also provides that this prohibition can be overridden by court order. Many courts have permitted plaintiffs to take limited discovery before the Rule 26(f) conference when, as here, a plaintiff has initiated an action for violations of the Lanham Act, the defendant defaults, and the plaintiff needs evidence from third-parties to establish its entitlement to injunctive relief and damages in a motion for default judgment.

Accordingly, OMPI respectfully requests that the Court grant OMPI's motion and allow OMPI to take discovery from Amazon to allow it to move for default judgment against Vibrant Spot.

## II. BACKGROUND

OMPI has brought claims against Vibrant Spot and John Doe defendants for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); unfair competition in violation of the Lanham Act, 15 U.S.C.

§ 1125(a)(1)(A); unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.; common law trademark infringement and tortious interference with contractual relations. (*See generally* Compl.) OMPI alleges that Vibrant Spot has sold and continues to sell a high volume of materially different and non-genuine products bearing OMPI's registered trademarks on the Internet ("Infringing Products") through an Amazon storefront that is currently called "Vibrant Spot," has an Amazon Merchant ID A11PSCDR8UEXHJ, and can be accessed at https://www.amazon.com/sp?seller=A11PSCDR8UEXHJ.

On January 6, 2026, OMPI served its complaint and the Court's summons on Vibrant Spot. (ECF No. 11.) On January 28, 2026, OMPI requested entry of default against Vibrant Spot (ECF No. 12), and the Clerk entered default against Vibrant Spot that same day (ECF No. 13). In order for OMPI to obtain relief on its claims against Vibrant Spot, OMPI must next file a motion for default judgment pursuant to Rule 55(b)(2). In accordance with the Standing Order, OMPI must file its motion within fourteen days of the entry of default.

## III. LAW AND ARGUMENT

The Lanham Act permits OMPI to recover Vibrant Spot's profits from the sale of infringing OMPI products as damages, but because of Vibrant Spot's failure to participate in this case, OMPI is unable to ascertain the scope of Vibrant Spot's infringement and the amount of damages it may recover through a motion for default judgment without serving limited third-party discovery. Courts routinely find that good cause exists under these circumstances to permit discovery under Federal Rule of Civil Procedure 26(d) before a Rule 26(f) conference has occurred. *See e.g. Obesity Rsch. Inst., LLC v. Sunrise Selections LLC*, Case No. 3:25-cv-00877-BJC-AHG, 2025 U.S. Dist. LEXIS 218341, at *4-6 (S.D. Cal. Nov. 4, 2025) (granting plaintiff's motion for early discovery on Amazon.com, Inc. for sales data related to defendant's sales of products in violation of the Lanham Act).

///

### A. The Lanham Act allows a plaintiff to recover a defendant's profits by submitting evidence of the defendant's sales of infringing products with "reasonable certainty."

The Lanham Act provides that when a defendant violates a right provided under the Act, a plaintiff may recover "subject to the principles of equity . . . (1) [the] defendant's profits, (2) any damage sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). A defendant's profits may be recovered under the Lanham Act because it is often difficult for trademark owners to prove actual damages caused by infringing conduct. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993), *abrogated on other grounds by, and superseded by statute on other grounds as recognized in SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016)).

In establishing a defendant's profits, a plaintiff is required to prove only the defendant's sales of infringing materials; it is then the defendant's burden to submit evidence of costs and deductions to allow the court to determine the defendant's profits. *See* 15 U.S.C. § 1117(a); *Allergan, Inc. v. Mira Life Group, Inc.*, No. SACV 04-36 JVS (MLGx), 2004 U.S. Dist. LEXIS 26881, at *10-11 (C.D. Cal. June 9, 2004). If the defendant does not present any evidence of its costs and deductions, courts award the defendant's total sales to the plaintiff as disgorged profits. *See e.g., Craigslist, Inc. v. Kerbel*, No. C-11-3309 EMC, 2012 U.S. Dist. LEXIS 108573, at *51 (N.D. Cal. Aug. 2, 2012){ TA \s "Craigslist, Inc. v. Kerbel" } ("[S]ales are equivalent to profits absent evidence from the defendant as to costs or other deductions from said profits."); *Beachbody, LLC v. Jadee Invs. Corp.*, No. CV 17-2067 FMO, 2017 U.S. Dist. LEXIS 172740, at *21-23 (C.D. Cal. Oct. 18, 2017){ TA \l "*Beachbody, LLC v. Jadee Invs. Corp.*, No. CV 17-2067 FMO, 2017 U.S. Dist. LEXIS 172740 (C.D. Cal. Oct. 18, 2017)" \s "Beachbody, LLC v. Jadee Invs. Corp." \c 1 }; *Forged Threadworks, Inc. v. Infidel Indus. LLC*, No. CV-14-7200-MWF (AJWx), 2015 U.S. Dist. LEXIS 71332, at *17-18 (C.D. Cal. June 2, 2015). A plaintiff seeking disgorgement of a defendant's profits is required to establish the

defendant's sales with "reasonable certainty." *Lindy*, 982 F.2d at 1407{ TA \s "Lindy Pen Co. v. Bic Pen Corp." }; *see also Chanel, Inc. v. Stephens*, No. CV 17-6150 FMO (ASx), 2018 U.S. Dist. LEXIS 14923, at *14-15 (C.D. Cal. Jan. 30, 2018){ TA \l "*Chanel, Inc. v. Stephens*, No. CV 17-6150 FMO, 2018 U.S. Dist. LEXIS 14923 (C.D. Cal. Jan. 30, 2018)" \s "Chanel, Inc. v. Stephens" \c 1 }; *Beachbody*, 2017 U.S. Dist. LEXIS 172740, at *21{ TA \s "Beachbody, LLC v. Jadee Invs. Corp." }. A "reasonable basis for computation must exist," but "damages are not rendered uncertain because they cannot be calculated with absolute exactness." *Lindy*, 982 F.3d at 1407-08{ TA \s "Lindy Pen Co. v. Bic Pen Corp." } (quoting *Eastman Kodak Co. v. Southern Photo Materials Co.*, 273 U.S. 359, 379 (1927){ TA \l "*Eastman Kodak Co. v. Southern Photo Materials Co.*, 273 U.S. 359 (1927)" \s "Eastman Kodak Co. v. Southern Photo Materials Co." \c 1 }).

When a plaintiff sues a defendant for trademark infringement under the Lanham Act in California federal court, the plaintiff may seek monetary relief for infringement activity that occurred as far back as four years before the plaintiff filed its complaint. *See, e.g., D.C. Comics v. Towle*, 989 F. Supp. 2d 948, 971-72 (C.D. Cal. 2013) (concluding that plaintiff could seek monetary relief for its Lanham Act trademark infringement within limitations period and holding that statute of limitations period for Lanham Act trademark infringement was four years because statute of limitations for analogous claim under California law is four years); *Sonoma Foods v. Sonoma Cheese Factory*, No. C 07-00554-JSW, 2007 U.S. Dist. LEXIS 96733, at *9 (N.D. Cal. Apr. 3, 2007) (plaintiff is "entitled to pursue damages based on the infringement activity that occurred within the statute of limitations period."); *Miller v. Glenn Miller Prods.*, 318 F. Supp. 2d 923, 942 n.11 (C.D. Cal. 2004) (holding that the statute of limitations for Lanham Act trademark infringement claims filed in California federal court is four years).

**B. There is good cause for OMPI to serve limited discovery to obtain evidence about the scope of Vibrant Spot's infringing sales of products because OMPI cannot take discovery to obtain this**

**information without a court order and OMPI's requested discovery is limited in scope.**

"As with all discovery matters, 'Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery,'" including to grant early discovery under Rule 26(d). *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-06049-PHK, 2024 U.S. Dist. LEXIS 1291, at *8 (N.D. Cal. Jan. 3, 2024) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Although the default rule under Fed. R. Civ. P. 26(d)(1) is that parties cannot take discovery before the Rule 26(f) conference, courts have discretion to allow discovery before the Rule 26(f) conference where there is "good cause" to permit the discovery. *Distinct Media Ltd. v. Doe*, No. 15-cv-03312 NC, 2015 U.S. Dist. LEXIS 193905, at *4-5 (N.D. Cal. Sept. 29, 2015). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*. at *5.

Courts routinely allow plaintiffs in cases involving the Lanham Act to engage in early discovery on the issue of damages following an entry of default against the defendant. *Sugarfina, inc. v. Sweitzer LLC*, No. 2:17-cv-07950ODW(JCx), 2018 U.S. Dist. LEXIS 226440, at *31 (C.D. Cal. Mar. 8, 2018). Here, there is good cause for OMPI to take this limited discovery. OMPI only seeks to subpoena Amazon for records to prove the exact dollar amount Vibrant Spot's sales of Infringing Products generated. The sale records for Vibrant Spot's Amazon account are in Amazon's control and OMPI will not be able to otherwise obtain this information short of discovery to Amazon.

Pursuant to California law, OMPI can recover the profits made from Vibrant Spot's sales of Infringing Products dating back to December 30, 2021, four years prior to the date of filing the Complaint (ECF No. 1), upon showing evidence that establishes Vibrant Spot's sales during this period "with reasonable certainty." Because of Vibrant Spot's default, however, OMPI has not yet been able to take discovery under Rule 26 that would allow OMPI to prove the amount of Vibrant

Spot's infringing sales. Given the narrowness of the desired discovery and the necessity to obtain this information in order to prove the damages owed to OMPI for Vibrant Spot's infringing sales, this Court should permit OMPI to take its requested limited discovery.

## IV. CONCLUSION

For the foregoing reasons, OMPI has demonstrated good cause for permitting limited expedited discovery and respectfully requests that the Court: grant the instant Motion and enter the concurrently filed proposed order allowing it to serve on Amazon the subpoena attached as Exhibit A.

Dated: February 11, 2026

Respectfully submitted,

*/s/ Adam C. Sherman*
Adam C. Sherman (SBN 224979)
***Attorney for Plaintiff***
***Ortho Molecular Products, Inc.***